UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,

v.

DOROTHY MAJU HENRY,

Defendant.

Criminal No. 02-376-01 (CKK)

# MEMORANDUM OPINION
(February 28, 2014)

Defendant Dorothy Maju Henry was convicted in 2005 of three counts under 21 U.S.C. § 960 relating to her role in an international heroin conspiracy. Presently before the Court is Defendant's *pro se* [240] Motion to Correct Sentence Pursuant to 18 U.S.C. § 3582(c). Defendant claims that *Alleyne v. United States*, 133 S. Ct. 2151 (2013) and *Peugh v. United States*, 133 S. Ct. 2072 (2013) combine to compel a reduction in her sentence. The Court, however, need not address whether *Alleyne* and *Peugh* do in fact mandate such a reduction because upon consideration of the pleadings[1], the relevant legal authorities, and the record as a whole, the Court concludes that Defendant's petition does not meet the criteria for a motion under § 3582(c), and that the Court of Appeals for the District of Columbia Circuit has not certified this petition as 28 U.S.C. § 2255 would require. Accordingly, Defendant's [240] Motion to Correct Sentence Pursuant to 18 U.S.C. § 3582(c) is DENIED.

On March 31, 2004, a jury in the United States District Court for the District of Columbia

---

[1] Def.'s Mot. to Correct Sentence Pursuant to 18 U.S.C. § 3582(c), ECF No. [240] ("Def.'s Mot."); Gov't's Resp. to Def.'s Mot. to Correct Sentence Pursuant to 18 U.S.C. § 3582(c), ECF No. [253] ("Gov't Opp'n"); Defense Counsel's Supp. Response. on Def.'s Pro Se Mot. to Correct Sentence, ECF No. [260] ("Supp. Response"); Gov't's Response to Defense Counsel's Supp. Response on Def.'s Pro Se Mot. to Correct Sentence, ECF No. [265] ("Gov't Response").

found Defendant guilty of (a) one count of conspiracy to import one kilogram or more of a substance containing a detectable amount of heroin into the United States from Kenya and elsewhere and (b) two counts of distributing or causing the distribution of one kilogram or more of heroin outside the United States knowing that it would be imported into the United States. *See* Verdict Form, ECF No. [150]. Congress has prescribed a mandatory minimum of ten years in prison for importing at least one kilogram of heroin. *See* 21 U.S.C. § 960(b). On January 5, 2005, this Court sentenced the Defendant to 288 months in prison and five years of supervised release. *See* Judgment, ECF No. [182]. Defendant appealed to the United States Court of Appeals for the District of Columbia Circuit, which upheld her conviction. *United States v. Henry*, 207 F. App'x 3 (D.C. Cir. 2006).

On February 12, 2008, Defendant filed a habeas petition pursuant to 28 U.S.C. § 2255, alleging ineffective assistance of counsel. *See* Motion for Relief Under Title 28 U.S.C. § 2255, ECF No. [213]. On October 21, 2011, this Court denied Defendant's petition. *See* Order, ECF No. [234]; Memorandum Opinion, ECF No. [233]. Defendant now seeks a sentence reduction under 18 U.S.C. § 3582(c).

> Under Title 18, Section 3582(c) of the United States Code:
>
> The court may not modify a term of imprisonment once it has been imposed except that, (1) in any case, (A) the court, upon motion of the Director of the Bureau of Prisons, may reduce the term of imprisonment . . . (B) the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure, and (2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . , the court may reduce the term of imprisonment . . . if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c).

Here, the Bureau of Prisons has not made a motion, Defendant has not moved under another statute or Rule 35 of the Federal Rules of Criminal Procedure, and the Sentencing Commission has not subsequently lowered the sentencing range for the crimes that Defendant was convicted of. *Compare* U.S. SENTENCING GUIDELINES MANUAL § 2D1.1 (2009) (base level of 32 for importing at least one kilogram of heroin) *with* U.S. SENTENCING GUIDELINES MANUAL § 2D1.1 (2005) (same). Defendant does not argue that any of the conditions for applying § 3582(c) have been met; in fact, part of her argument is that the Court should apply the 2002 Guidelines, not the 2005 Guidelines. Def.'s Mot. at 2. Rather, Defendant argues that her sentence pursuant to the Sentencing Guidelines was itself unconstitutional, as a defendant's base level and sentencing enhancements under the Guidelines are "elements" of the offense which the jury must find beyond a reasonable doubt under Defendant's reading of *Alleyne* and *Peugh*. *See id*. Therefore, Defendant argues that her sentence was unconstitutionally enhanced beyond the statutory minimum of ten years.

Defendant's court-appointed counsel[2], recognizing that Defendant's initial *pro se* claim is not cognizable under 18 U.S.C. § 3582(c), urges the Court to decline to "procedurally bar" Defendant's claims, and to construe them using a different "procedural mechanism." Supp. Response at 4. Counsel suggests a writ of coram nobis or a writ of habeas corpus as possible alternatives. *See id*. The Court does have the duty to construe *pro se* filings liberally, and the

---

[2] Defendant filed her § 3582(c) motion *pro se*. On July 18, 2013, the Court ordered the Federal Public Defender to file a response to the Defendant's motion. *See* Order, ECF No. [241]. The Public Defender expressed concern that it would be improper for them to file on Defendant's behalf because Defendant had previously accused them of providing her with ineffective assistance. *See* Response of the Federal Public Defender to Court's Order, ECF No. [256]. The Court therefore appointed Gregory Smith, Esq., to file a supplemental motion on behalf of Defendant. *See* Notice of Attorney Appearance, ECF No. [257]. Mr. Smith has ably discharged his assigned responsibilities, and the Court thanks him for his well-stated arguments.

power to reinterpret claims that otherwise would be barred under a different procedural mechanism. *See Toolasprahad v. Bureau of Prisons*, 286 F.3d 576, 582-83 (D.C. Cir. 2002) (construing a *pro se* motion for enlargement of time as a motion for relief from judgment to avoid a time bar). However, a writ of coram nobis would be inappropriate in this case: a writ of coram nobis is used to vacate criminal convictions after the sentence has been fully served, and is not a substitute for habeas corpus. *See generally United States v. Morgan*, 346 U.S. 502, 507-513 (1954) (tracing the development of coram nobis from the common law and holding that it applies to federal courts under the All Writs Act). Because Defendant has not fully served her sentence, coram nobis is not an appropriate remedy for her.

Alternatively, Defendant's counsel contends, the Court could construe Defendant's § 3582(c) motion as a habeas petition under 28 U.S.C. § 2255. However, because this would be Defendant's second petition under 28 U.S.C. § 2255, the general bar on successive habeas petitions, 28 U.S.C. § 2255(h), would apply unless Defendant could show that "a panel of the appropriate court of appeals" has certified that the petition contains allegations based on powerful newly discovered evidence[3] or "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h). The petition would also be time-barred unless filed within a year of when "the right asserted was initially recognized by the Supreme Court, if that right was newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f). To determine if a right was "newly recognized by the Supreme Court" or was "made retroactively applicable to cases on collateral review," a court must apply the framework of

---

[3] Defendant does not claim to have powerful newly discovered evidence; her claim is based entirely on the legal effect of *Alleyne* and *Peugh*.

*Teague v. Lane*, 489 U.S. 288 (1989). If construed as a habeas petition, Defendant's claim would be uncertified and therefore procedurally barred. Because Defendant's claim is procedurally barred, the Court may not reach the question of whether *Alleyne* and *Peugh* are retroactively applicable.[4]

Defendant's claim is barred under § 2255(h) because "a panel of the appropriate court of appeals" (here, the D.C. Circuit) has not certified that Defendant's petition contains a new rule of constitutional law that would apply to her. This is not surprising, as Defendant filed her motion under 18 U.S.C. § 3582(c), which does not contain such a requirement. But while a court is expected to take a liberal approach to construing *pro se* claims, liberality does not allow a court to ignore Congress' decision to bar successive uncertified claims under § 2255(h). *See Burton v. Stewart*, 549 U.S. 147, 152 (2007) (per curiam) (district court lacked jurisdiction to hear successive habeas claim because the prisoner did not obtain an order from the appropriate court of appeals).

For the foregoing reasons, the Court finds that Defendant is not entitled to the requested

---

[4] While the certification bar of § 2255(h) and the time bar of § 2255(f) might appear to be alternative grounds for resolving a habeas petition, the Supreme Court has admonished federal courts to resolve habeas petitions on purely procedural grounds like § 2255(h) without reaching more substantive issues such as the *Teague* question that would arise under § 2255(f). In *Lambrix v. Singletary*, 520 U.S. 518 (1997), the Supreme Court chastised the Eleventh Circuit for reaching the *Teague* question of whether *Espinosa v. Florida*, 505 U.S. 1079 (1992) applied retroactively to cases on collateral review without first considering whether a procedural bar (to wit, Florida's requirement that *Espinosa* claims be preserved on direct appeal) barred the petitioner's habeas claim. While the Court's opinion in *Lambrix* invoked the "adequate and independent state grounds" doctrine (which would not apply here, as Defendant was convicted and sentenced in federal court), it also relied heavily on the constitutional avoidance doctrine, noting that "constitutional questions are generally to be avoided, and . . . the *Teague* inquiry requires a detailed analysis of federal constitutional law." 520 U.S. at 524. It is true that § 2255(h) would require the D.C. Circuit to apply *Teague* to determine if *Alleyne* or *Peugh* applied retroactively. But § 2255(f) requires *this Court* to apply *Teague*, which this Court will not do if a claim is procedurally barred as this one is.

relief. Defendant filed her petition under 18 U.S.C. § 3852(c), which requires one of three factual or legal predicates, of which Defendant has alleged none. If Defendant's motion is construed as a habeas petition under 28 U.S.C. § 2255, it is barred as an uncertified successive petition. Furthermore, the Court concludes that a hearing in this matter is unnecessary because the record conclusively shows that Defendant's motion is uncertified. *See* 28 U.S.C. § 2255(b) (no hearing required where "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief"). Accordingly, Defendant's [240] Motion to Correct a Sentence Pursuant to 18 U.S.C. § 3852(c) is DENIED. An appropriate Order accompanies this Memorandum Opinion.

　　　　　　　　　　　　　　　　　　　_/s/_
　　　　　　　　　　　　　　　　　　　**COLLEEN KOLLAR-KOTELLY**
　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE