UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,

   Plaintiff,

    v.

DOROTHY MAJU HENRY,

   Defendant.

**Criminal No. 02-376-01 (CKK)**

**MEMORANDUM OPINION**
(June 20, 2017)

Presently before the Court is Defendant Dorothy Maju Henry's [283] Motion to Address the United States Attorney ("Def.'s Mot."). The Defendant, who is proceeding *pro se*, requests that the United States Attorney "file the appropriate motion on [her] behalf for a sentence reduction based on [her] programming and post-rehabilitation." Def's Mot. [283] at 1. Upon a review of the parties' submissions,[1] the relevant authorities, and the record as a whole, the Court finds that the Defendant is not entitled to the requested relief. Accordingly, the Court shall DENY the Defendant's [283] Motion to Address the United States Attorney.

## I. BACKGROUND

### A. Procedural History

Defendant Dorothy Maju Henry ("Defendant" or "Ms. Henry") was charged with, tried on, and found guilty of (a) one count of conspiracy to import one kilogram or more of a substance containing a detectable amount of heroin into the United States from Kenya and elsewhere, and

---

[1] *See* Def.'s [283] Mot. to Address the U.S., and Govt.'s [288] Resp. to Def.'s Mot. The Defendant filed no reply.

(b) two counts of distributing or causing the distribution of one kilogram or more of heroin outside the United States knowing that it would be imported into the United States. On January 5, 2005, the Court sentenced Ms. Henry to 288 months of imprisonment to be followed by five years of supervised release. *See* 1/05/2005 Minute Entry for Sentencing; 1/05/2005 Judgment as to Dorothy Maju Henry [182]. Ms. Henry filed a timely appeal and, on November 16, 2006, her conviction was upheld by the United States Court of Appeals for the District of Columbia Circuit in an unpublished opinion. *See* United States Court of Appeals Mandate [204]. Ms. Henry subsequently filed a [213] motion for relief under 28 U.S.C. § 2255, alleging ineffective of counsel, and that motion was denied by the Court on October 21, 2011. *See* Memorandum Opinion [233] and Final Order [234]. Ms. Henry filed a notice of appeal requesting a certificate of appealability, which was denied by the Court of Appeals in an unpublished [239] Order filed on September 20, 2012.

On July 8, 2013, Ms. Henry moved for a correction of her sentence pursuant to 18 U.S.C. §3582(c), which was denied by the Court on February 28, 2014. *See* Memorandum Opinion [267] and Order [266]. Ms. Henry appealed from this Court's denial of her motion for a corrected sentence, and the Court of Appeals affirmed this Court's decision in an unpublished [277] Judgment filed on June 22, 2015. On May 19, 2016, Ms. Henry filed an [279] Unopposed Motion to Reduce Sentence pursuant to 18 U.S.C. § 3582(c), citing to Amendment 782 of the United States Sentencing Commission's Guidelines Manual. On that same day, this Court granted the Defendant's [279] Unopposed Motion, which reduced Ms. Henry's previously imposed sentence of imprisonment from 288 months to 230 months. *See* Order [281]. Defendant thereafter filed the instant [283] Motion to Address the United States Attorney, and the Government filed its [288] Response to Defendant's Motion ("Govt.'s Resp.") on June 13, 2017.

**B. Defendant's Request for a Sentence Reduction**

Defendant asserts that she was sentenced to "a concurrent prison term consisting of 288 months on count one, Conspiracy to Import One Kilogram or More of Heroin Intending and Knowing that the Heroin will be Unlawfully Imported into the United States, and counts two and three, Distribution of a Controlled Substance for the purpose of Unlawful Importation and Aiding and Abetting." Def.'s Mot. at 1. "This sentence was based on a sentencing guideline range under the United States Sentencing Guidelines of 235 to 293 months (Criminal History Category of I, Total Offense Level 38)." *Id.* Defendant requests that the United States Attorney "file an appropriate motion on [her] behalf for a sentence reduction based on [her] programming and post-rehabilitation." *Id.* Ms. Henry indicates that she has "taken classes, programs and workshops to better [her]self for society [and] [t]hese new skills will enable [her] to seek employment that would allow [her] to provide for [her]self and [her] family." Def.'s Mot. at 2. Defendant further asserts that she has been "incarcerated for nearly 14 years [without] receiv[ing] any disciplinary infractions." *Id.*

## II. LEGAL STANDARD

Pursuant to 18 U.S.C. § 3582, which addresses modification of a term of imprisonment:

The court may not modify a term of imprisonment once it has been imposed except that - -

    (1) in any case - -

        (A) the court, upon motion of the Director of the Bureau of Prisons, may reduce the term of imprisonment . . . , after considering the factors set forth in section 3553(a) to the extent they are applicable, if it finds that - -

            (i) extraordinary and compelling reasons warrant such a reduction;

>
> or
>
>> (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);
>>
>> and that such reduction is consistent with applicable policy statements issued by the Sentencing Commission; and
>
> (B) the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statue or by Rule 35 of the Federal Rules of Criminal Procedure; and
>
> (2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. §3582(c).

### III. ANALYSIS

Defendant's Motion appears to request relief directly from the United States insofar as Ms. Henry asks the United States Attorney to "file the appropriate motion on [her] behalf for a sentence reduction . . . ." Def.'s Mot. at 1. The Government declines to file a motion on behalf of the Defendant, asserting that the Defendant has not alleged sufficient grounds for her request under 18 U.S.C. § 3582(c), and this Court is without authority to compel the Government to file a motion on behalf of the Defendant. The Court will however construe Ms. Henry's Motion to Address the United States Attorney as a motion seeking a reduction of her sentence and will analyze such motion pursuant to 18 U.S.C. § 3582(c).

4

Generally, a federal court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c); *see also Dillon v. United States*, 560 U.S. 817, 819 (2010). However, section 3582(c) of Title 18 of the United States Code provides three exceptions to this general rule. Specifically, the Court is authorized to modify a term of imprisonment once imposed only under one of these circumstances: (1) upon motion by the Director of the Bureau of Prisons; (2) when expressly permitted by statute or Federal Rule of Criminal Procedure 35; or (3) where the applicable sentencing guideline range has been retroactively lowered by the Sentencing Commission. 18 U.S.C. § 3582(c)(1)-(2); *see United States v. Morris*, 116 F.3d 501, 504 (D.C. Cir. 1997) ("Under 18 U.S.C. § 3582(c) a court may modify a sentence only in three circumstances. . . .") None of these exceptions to the general rule are applicable here and, accordingly, the Court must deny Ms. Henry's request.

First, the Director of the Bureau of Prisons has not filed a motion requesting that Ms. Henry's sentence be reduced. Second, the Court is not expressly permitted by statute or Federal Rule of Criminal Procedure 35 to reduce Ms. Henry's sentence. Ms. Henry has not pointed to any statutory provision that would allow the Court to reduce her sentence. Further, Federal Rule of Criminal Procedure 35 only authorizes the reduction of a sentence within 14 days of sentencing to correct a clear error, or upon motion of the government if a defendant, after sentencing, provided substantial assistance to the government. Fed. R. Crim. Proc. 35(a)-(b). Neither of the provisions of Rule 35 is applicable here.

Furthermore, as previously noted, the Defendant has already received a sentencing reduction pursuant to 18 U.S.C. § 3582(c)(2). On May 19, 2016, this Court granted the Defendant's Unopposed Motion to Reduce Sentence, and Ms. Henry's sentence was reduced from 288 months to 230 months. *See* May 19, 2016 Order [281] (granting a reduction of imprisonment

based on a guideline sentencing range that was lowered and made retroactive). Defendant fails to acknowledge that prior sentencing reduction and focuses instead on her participation in "programming and post-rehabilitation" as grounds for a further sentence reduction. Defendant appears to rely upon Section 3582(c)(1)(A)(i), but under that provision, the Court may modify a defendant's sentence on the <u>motion</u> of the Bureau of Prisons only if "extraordinary and compelling reasons" warrant such a reduction. The Bureau of Prisons has not made such motion in this case nor has the Defendant alleged extraordinary circumstances, and accordingly, no sentencing reduction is warranted. *See generally United States v. Bynoe*, No. CR. 01-559-03 (TFH), 2006 WL 1071481, at *3 (D.D.C. Apr. 21, 2006) (finding that the defendant's argument under 18 U.S.C. § 3582(c) "must fail because [defendant's] asserted rehabilitation is not an authorized reason to reduce his sentence.")

Defendant requested that the United States Attorney file a motion on her behalf for a sentencing reduction under 18 U.S.C. § 3582(c), which requires one of three factual or legal predicates, of which Defendant has alleged none. For the foregoing reasons, the Court finds that Defendant's [283] Motion to Address the United States Attorney must be denied. An appropriate Order accompanies this Memorandum Opinion.

_____/s/_____<br>
COLLEEN KOLLAR-KOTELLY<br>
UNITED STATES DISTRICT JUDGE